## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TIMOTHY P. MacCRACKEN**                    **CIVIL ACTION**

**VERSUS**                                   **NO.  07-9540**

**STATE OF LOUISIANA**                       **SECTION "R" (2)**
**LYNN COOPER, WARDEN**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred or, alternatively, for failure to present a claim for which habeas corpus review is available.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Timothy P. MacCracken, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  On August 7, 2001, MacCracken and four co-defendants were charged in a 17-count bill of information in Jefferson Parish.[3] MacCracken was charged with one count of illegal possession of stolen things, valued at $500 or more, and five counts of purse snatching.[4]  The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case as follows:

> Because the defendant pled guilty, the fact narrative was taken from testimony given at various suppression hearings.  Lisa McClendon, a deputy with the Jefferson Parish Sheriff's Office, testified that, on June 16, 2001, she was on patrol when she recognized the license plate on a vehicle parked at the E-Z Serve at Transcontinental as belonging to a vehicle that had been reported stolen. Deputy McClendon noticed four individuals inside of the vehicle. Deputy McClendon ordered the occupants out of the car at which time defendant and another individual, Mark Cambre, exited the vehicle.  Deputy McClendon then ordered defendant and Cambre to walk to the back of the stolen vehicle and to lie on the ground.  After defendant and Cambre were lying on the ground, the vehicle from which they had exited sped off. Deputy McClendon remained with defendant and Cambre and placed them under arrest for possession of stolen things and transported them to the Jefferson Parish Detective Bureau.
> Sergeant Scott Fontaine of the Jefferson Parish Sheriff's Office Robbery Division testified that he was assigned to investigate a series of robberies that occurred in Jefferson Parish.  As a result of his investigation, Sergeant Fontaine had been able to identify defendant as a suspect in connection with the robberies. On June 16, 2001, Sergeant Fontaine, after advising defendant of his constitutional rights and obtaining a written waiver of those rights, obtained a statement from defendant detailing his involvement in four purse snatchings.

_____

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 11 of 13, Bill of Information, 8/7/01.

[4]Id.

Sergeant Fontaine testified that, during the course of his interview of defendant, defendant turned over to him numerous credit cards containing the names of victims of the purse snatchings. Sergeant Fontaine also testified that pursuant to his investigation, he was able to present a photographic lineup to one victim who positively identified defendant as the perpetrator.

Detective John Carroll of the Jefferson Parish Sheriff's Office testified that, after obtaining a signed waiver of defendant's constitutional rights, he obtained a statement from defendant concerning another purse snatching. In the statement, defendant indicated his involvement in the robbery of an elderly gentleman that occurred on June 13, 2001.

Detective Sergeant Joseph Picone of the Jefferson Parish Sheriff's Office testified that, as part of his investigation of the robberies, he presented a photographic lineup to two Wal-Mart cashiers who witnessed one of the robberies. The witnesses, after individually being shown the photographic lineup, both positively identified defendant.

State v. MacCracken, 845 So.2d 1104, 1108 (La. App. 5th Cir. 2003); State Record

Volume 13 of 13, Louisiana Fifth Circuit Opinion, 02-KA-1163, April 29, 2003.

After selection of the jury on June 18, 2002, MacCracken withdrew his former

pleas of not guilty and entered pleas of guilty to all six counts pursuant to North Carolina

v. Alford, 400 U.S. 25 (1970), and State v. Crosby, 338 So.2d 584 (La. 1976).[5] The state

trial court sentenced him that same day to concurrent terms of 10 years in prison for

---

[5]St. Rec. Vol. 4 of 13, Trial Minutes, 6/18/02; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty under North Carolina v. Alford, 6/18/02 (MacCracken). Under Alford, a criminal defendant can enter and the court can accept a plea of guilty in spite of the defendant's insistence that he is innocent. Under Louisiana law, a Crosby plea allows the defendant to reserve the right to appeal the denial of his motion to suppress.

3

possession of stolen things and 20 years in prison on each of the five counts of purse snatching.[6]

MacCracken also admitted the allegations in the multiple offender bill filed by the State that day, and he was adjudicated a second felony offender.[7]  The state trial court vacated the sentence as to one, unspecified, purse snatching charge, and imposed a habitual offender sentence of 20 years in prison without benefit of probation or suspension of sentence to run concurrently with any other sentence.[8]

On direct appeal, MacCracken raised six assignments of error: (1) The trial court erred when it denied the defense motion to declare MacCracken incompetent to proceed to trial. (2) The trial court erred in denying the defense motion to suppress illegally obtained evidence. (3) The trial court erred when it did not allow defense counsel to withdraw. (4) The trial court erred when it failed to recuse the Jefferson Parish District Attorney's Office. (5) The trial court erred in denying the motion to suppress

---

[6]St. Rec. Vol. 4 of 13, Sentencing Minutes, 6/18/02 (MacCracken).

[7]St. Rec. Vol. 4 of 13, Multiple Bill, 6/18/02 (MacCracken); St. Rec. Vol. 4 of 13, Sentencing Minutes, 6/18/02 (MacCracken); Waiver of Rights Plea of Guilty Multiple Offender, 6/18/02 (MacCracken); St. Rec. Vol. 6 of 13, Sentencing Transcript, 6/18/02 (MacCracken).

[8]Id.

4

MacCracken's confession. (6) The trial court erred when it failed to suppress a photographic lineup identification by a purse snatching victim.[9]

On April 29, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction, finding no merit in the asserted grounds for relief.[10] The appellate court also remanded the matter in part for the state trial court to specify which purse snatching count was enhanced by the multiple bill and to correct any error in the plea minute entry.[11]

The state trial court complied with the remand order on May 20, 2003 by amending its sentencing commitment and minutes.[12] Thereafter, on May 27, 2003, MacCracken's counsel filed a writ application in the Louisiana Supreme Court seeking review of the appellate court's decision.[13]

---

[9]St. Rec. Vol. 12 of 13, Appeal Brief, 02-KA-1163, 1/18/03.

[10]State v. MacCracken, 845 So.2d 1104, 1116 (La. App. 5th Cir. 2003); St. Rec. Vol. 13 of 13, 5th Cir. Opinion, 02-KA-1163, 4/29/03.

[11]Id.

[12]St. Rec. Vol. 4 of 13, Trial Court Order, 5/20/03.

[13]St. Rec. Vol. 13 of 13, La. S. Ct. Writ Application, 03-K-1474, 5/27/03 (filed by hand); La. S. Ct. Letter, 2003-K-1474, 5/27/03.

While this writ application was pending, on June 3, 2003, MacCracken filed a motion in the state trial court to withdraw his guilty plea.[14]  The trial court denied the motion on June 9, 2003, finding no basis to grant the motion and because the assignments of error raised in the motion had been resolved on direct appeal.[15]

That same day, MacCracken's counsel filed a motion requesting that the trial court pronounce the corrected sentence with MacCracken present.[16]  The court granted the motion and set a hearing for August 21, 2003.[17]  The record does not indicate that a hearing took place on that day.[18]

MacCracken's pending writ application to the Louisiana Supreme Court after direct appeal was denied without reasons on December 12, 2003.[19]  His conviction

---

[14]St. Rec. Vol. 5 of 13, Motion to Withdraw Guilty Plea, 6/3/03 (MacCracken).

[15]St. Rec. Vol. 5 of 13, Trial Court Order, 6/9/03.

[16]St. Rec. Vol. 4 of 13, Motion for Re-Sentence, 6/11/03.

[17]St. Rec. Vol. 4 of 13, Trial Court Order, 6/11/03.

[18]The record also contains a ruling by the Louisiana Fifth Circuit on writ application No. 03-KH-1111, denying a writ application filed by MacCracken on September 22, 2003.  St. Rec. Vol. 5 of 13, 5th Cir. Order, 03-KH-1111, 9/29/03. The State failed to provide this court with a copy of that writ application or to discuss its basis. I find, however, that the balance of the record is sufficient for this report and recommendation.

[19]State v. MacCracken, 860 So.2d 1150 (La. 2003); St. Rec. Vol. 13 of 13, La. S. Ct. Order, 2003-K-1474, 12/12/03.

therefore became final 90 days later, on March 11, 2004,[20] when he did not file a petition for writ of certiorari in the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

In the meantime, on January 8, 2004, MacCracken filed another motion in the state trial court seeking to withdraw his guilty pleas to the underlying offenses and the multiple bill.[21]  The trial court denied the motion on January 13, 2004, finding it repetitive of the motion denied on June 9, 2003.  MacCracken's subsequent writ application to the Louisiana Fifth Circuit was denied on April 12, 2004, when the court found no error in the trial court's order.[22]

On May 26, 2004, MacCracken filed a petition seeking federal habeas corpus relief in this court in C. A. No. 04-1498"N"(2).  He raised six grounds for relief: (1) His guilty plea was involuntary because he was not competent. (2) He was arrested without probable cause. (3) The court erred in not allowing defense counsel to withdraw. (4) He was denied effective assistance of counsel because counsel was unprepared for trial.

---

[20]February of 2004 had 29 days.

[21]St. Rec. Vol. 5 of 13, Motion to Withdraw Guilty Plea, 1/8/04.

[22]St. Rec. Vol. 1 of 13, 5th Cir. Order, 04-KH-384, 4/12/04.

(5) The state trial court erred in not requiring a change of venue or recusal of the district attorney. (6) The state trial court erred by not inquiring into the petitioner's complaint of a conflict between himself and his attorney.[23]

On June 28, 2004, MacCracken filed a motion seeking a stay of the federal proceeding, conceding that he had failed to exhaust available state court remedies as to all of his claims.[24] The court denied the motion to stay and dismissed MacCracken's federal petition without prejudice for failure to exhaust on August 26, 2004.[25]

MacCracken was brought before the state trial court on September 30, 2004, for pronouncement of the corrected sentence in person, as previously granted by the state trial court on June 11, 2003.[26] The court also again denied his oral motion to withdraw the guilty plea.[27]

MacCracken's counsel thereafter filed a writ application with the Louisiana Fifth Circuit alleging that the trial court erred in denying the request to withdraw the guilty

---

[23]Civ. Action No. 04-1498, Rec. Doc. No. 1.

[24]Civ. Action No. 04-1498, Rec. Doc. No. 4.

[25]Civ. Action No. 04-1498, Rec. Doc. Nos. 7, 8.

[26]St. Rec. Vol. 9 of 13, Trial Court Order, 9/30/04; Hearing Transcript, 9/30/04; St. Rec. Vol. 6 of 13, Minute Entry, 9/30/04.

[27]Id.

plea.[28] The Louisiana Fifth Circuit denied the application on February 14, 2005, because the application did not challenge the constitutionality of the plea and the sentencing errors were not appropriately raised.[29]  Counsel thereafter filed a writ application in the Louisiana Supreme Court which was denied without reasons on June 24, 2005.[30]

More than three months later, on October 13, 2005, MacCracken filed a petition for issuance of a writ of error coram nobis with the state trial court raising four errors:[31] (1) He was denied due process and impartial administration of justice during his plea. (2) He was misled into believing that the district attorney would be recused. (3) The district attorney used and failed to correct false testimony to support the conviction. (4) He was denied effective assistance of counsel because the trial court refused to allow counsel to withdraw.  On October 19, 2005, the state trial court dismissed the petition without prejudice for failure to raise the claims using the post-conviction form required by Louisiana law.[32]

---

[28]St. Rec. Vol. 13 of 13, 5th Cir. Writ Application, 04-KH-1375, 11/29/04.

[29]St. Rec. Vol. 13 of 13, 5th Cir. Order, 04-KH-1375, 2/14/05.

[30]State v. MacCracken, 904 So.2d 719 (La. 2005); St. Rec. Vol. 13 of 13, La. S. Ct. Order, 2005-KP-0674, 6/24/05; La. S. Ct. Writ Application, 05-KP-0674, 3/14/05 (by hand); La. S. Ct. Letter, 2005-KP-674, 3/14/05.

[31]St. Rec. Vol. 7 of 13, Writ of Error Coram Nobis, 10/13/05.

[32]St. Rec. Vol. 7 of 13, Trial Court Order, 10/19/05.

On November 25, 2005, MacCracken filed another motion to correct his sentence alleging that his sentence did not indicate which charge was enhanced by the multiple bill and that the prior sentences were not properly vacated before, or made concurrent after, the enhancement.[33]  The trial court denied the motion on December 2, 2005, as meritless in light of the correction of the sentence after remand.[34]

Ten months later, on October 2, 2006, MacCracken's counsel filed an application for post-conviction relief raising two grounds for relief:[35] (1) Pretrial counsel provided ineffective assistance by failing to pursue the motion to recuse the district attorney's office or request a hearing. (2) Trial counsel provided ineffective assistance by erroneously advising MacCracken to enter the guilty plea to take a 20-year sentence and that he would be released in 10 years with no increase as a result of the multiple bill.

The trial court denied the application on October 30, 2006, finding it untimely filed in violation of La. Code Crim. P. 930.8.[36]  On January 11, 2007, MacCracken filed,

---

[33]St. Rec. Vol. 9 of 13, Motion to Correct Illegal Sentence, 11/22/05.

[34]St. Rec. Vol. 9 of 13, Trial Court Order, 12/2/05.

[35]St. Rec. Vol. 10 of 13, Application for Post Conviction Relief, 10/2/06.

[36]St. Rec. Vol. 10 of 13, Trial Court Order, 10/30/06.  At the time of his conviction, La. Code Crim. P. art. 930.8 provided a two-year period for a defendant to file for post-conviction relief in the state courts.

pro se, a writ application in the Louisiana Fifth Circuit.[37]   The court denied the application on January 17, 2007, finding no error in the trial court's ruling.[38]

MacCracken also filed, pro se, a writ application with the Louisiana Supreme Court arguing that the trial court erred in dismissing his application for post-conviction relief as untimely.[39]  The court denied the writ application on November 16, 2007, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1195).[40]

## II.   FEDERAL HABEAS PETITION

On December 17, 2007, MacCracken filed a petition for federal habeas corpus relief in this court alleging that the state courts erred in dismissing his state application for post-conviction relief as untimely under La. Code Crim. P. art. 930.8.[41]

---

[37]The State did not provide a file-stamped copy of this writ application.  An unfiled copy appears to be attached to another pleading.  See St. Rec. Vol. 13 of 13, 5th Cir. Writ Application, unfiled. The filing date appears on the face of the Louisiana Fifth Circuit's related order and has been confirmed by my staff with the office of the clerk of that court.  St. Rec. Vol. 13 of 13, 5th Cir. Order, 07-KH-38, 1/17/07.

[38]St. Rec. Vol. 13 of 13, 5th Cir. Order, 07-KH-38, 1/17/07.

[39]St. Rec. Vol. 13 of 13, La. S. Ct. Writ Application, 07-KH-0386, 2/26/07 (postmarked 2/16/07); La. S. Ct. Letter, 2007-KH-386, 2/26/07 (postmark 2/16/07).

[40]State ex rel. McCracken v. State, 967 So.2d 517 (La. 2007); St. Rec. Vol. 13 of 13, La. S. Ct. Order, 2007-KH-0386, 11/16/07.  In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

[41]Rec. Doc. No. 1, Memorandum in Support, p. 8.

The State filed a response in opposition to the petition arguing that the petition should be dismissed as untimely filed under federal law.[42]  The State also argues that the petition is procedurally barred from review, fails to state a federal question and raises non-jurisdictional defects which were waived at the time of the guilty plea in state court.

In reply to the State's opposition, MacCracken contends that his underlying state application for post-conviction relief raised constitutional challenges to his guilty plea as to which he is entitled to review.[43]  He also argues that imposition of the Article 930.8 bar to review was contrary to state law.  On June 20, 2008, he also filed a "Motion for Leave to Expand the Record" which makes arguments similar to those already asserted in his previous submission.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[44] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

---

[42]Rec. Doc. No. 8.

[43]Rec. Doc. No. 11.

[44]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

(5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to MacCracken's petition, which, for reasons discussed below, is deemed filed in this federal court on December 11, 2007.[45]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State has raised the defenses that the petition is not timely filed and is otherwise procedurally barred from federal court review.

_____

[45]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995).  MacCracken's petition was filed by the clerk of court on December 17, 2007, when the filing fee was paid.  He signed the petition on December 11, 2007.  This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  <u>See</u> <u>Cousin</u>, 310 F.3d at 843 (mailbox rule  applies even if inmate has not paid the filing fee at the time of mailing) (citing <u>Spotville</u>, 149 F.3d at 374).

IV.    <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[46]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  MacCracken's conviction became final on March 11, 2004, after his conviction was affirmed.  Therefore, under a literal application of the statute, MacCracken had until March 11, 2005, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[46]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

MacCracken has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in court decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was

confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

16

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)");  Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999));  Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2)

purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

I have reviewed the entire record and, as outlined in the lengthy procedural history, MacCracken had pleadings pending in the state courts during most of the years between his guilty plea and sentencing on June 18, 2002, and the filing of this federal habeas petition on December 11, 2007. The record demonstrates, however, that MacCracken allowed three pockets of time to lapse in 2005 and 2006 during which he did not have any state court application for post-conviction relief or other collateral

review of any kind pending in any state court which would have tolled the AEDPA one-year filing period.

Specifically, 110 days lapsed between the June 24, 2005 denial of his application for post-conviction relief in the Louisiana Supreme Court and October 13, 2005, when he filed the petition for writ of error coram nobis in the state trial court.  Another 36 days lapsed between the dismissal of that petition on October 19, 2005, and his filing of the motion to correct an illegal sentence on November 25, 2005.  The greatest period of 303 days lapsed after that motion to correct was denied on December 2, 2005, and before his counsel filed the application for post-conviction relief on October 2, 2006.  Thus, the record clearly establishes that MacCracken allowed more than 365 days to lapse without any pending state proceeding and without having filed a timely federal petition for habeas corpus relief.  The one-year AEDPA statute of limitations therefore expired no later than July 3, 2006.  None of the state court filings after that date are relevant to the tolling calculation.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Each of these periods occurred after MacCracken's sentence was corrected for the second time by the state trial court on September 30, 2004.[47]  He argues that the second

_____

[47]I also recognize that another suspension of the filing deadline may be invoked due to an order issued in this court as a result the conditions following Hurricane Katrina. On September 1, 2005, Chief Judge Helen G. Berrigan signed an order suspending ". . . all deadlines and delays, including liberative prescription and peremptory periods in cases pending or to be filed in this Court . . ." See E.D. La. Order, signed September 1, 2005, Attachment A. The court terminated the suspension on November 25, 2005, except for good cause shown. See E.D. La. Order, signed November 3, 2005, Attachment B.  Assuming

correction of his sentence may have restarted his time.  Even if that were true, the record demonstrates that the AEDPA statute of limitations expired against him after that sentence clarification.

Furthermore, prior to the second correction, MacCracken also had a five month lapse between April 12, 2004, when the Louisiana Fifth Circuit denied his writ application No. 04-KH-384, and September 30, 2004, when the second correction of the sentence occurred.  Between these two dates, MacCracken pursued his first federal habeas corpus petition, which was dismissed without prejudice by this court for failure to exhaust state court remedies.

This federal petition did not provide any tolling of the AEDPA filing period.  The law is well-settled that a federal petition is not a state post-conviction application or other collateral review for purposes of tolling under Section 2244.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182 (2001); <u>Grooms v. Johnson</u>, 208 F.3d 488, 489 (5th Cir. 1999). Therefore, MacCracken is not entitled to statutory tolling for the time his first federal petition was pending.  This would account for another five months of un-tolled time prior to the second clarification of his sentence.

---

(without deciding) the validity of this order, MacCracken may be entitled to an 86-day suspension of the filing period from September 1, 2005 through November 25, 2005.  Even considering this, his federal petition still is not timely.

MacCracken's federal petition is deemed filed on December 11, 2007, which is more than 16 months after the expiration of the AEDPA filing period, as calculated after the second correction of his sentence.  Thus, his petition must be dismissed as time-barred.

## V.   NO FEDERAL CLAIM ARISING FROM PROCEDURAL BAR

Alternatively, the State argues that MacCracken's federal petition fails to raise a cognizable habeas claim.  In addition, the State contends that the claims raised in MacCracken's state application for post-conviction relief are procedurally barred from federal review because his state application for post-conviction relief was untimely filed pursuant to La. Code Crim. P. art. 930.8.

In his state application, MacCracken's counsel raised claims of ineffective assistance of pretrial and trial counsel.  MacCracken, however, has not raised in this court any substantive claims challenging his conviction.  The only claim argued in his petition is that the state courts erred in imposing the Article 930.8 bar to the claims he raised in his state application for post-conviction relief.

Even if this were true, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law.  Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) and Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and citing West v. Johnson, 92 F.3d 1385, 1404 (5th

Cir. 1996)); accord Turner v. Johnson, 46 F. Supp.2d 655, 674 (S.D. Tex. 1999).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle, 502 U.S. at 67-68; see also, Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas review).  The state courts' decision to apply this state procedural rule is not itself a basis for habeas corpus relief.

More importantly, issues arising from the post-conviction process are not a basis for federal habeas corpus relief.  "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state and federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3rd Cir. 1998) (emphasis in original); White v. Carroll, 416 F. Supp.2d 270, 282 (D. Del. 2006).  MacCracken is not entitled to habeas relief arising from his challenge to the imposition of the Article 930.8 bar in his state post-conviction proceedings.

Thus, to the extent MacCracken argues that the state court misapplied the Article 930.8 bar to his application, it is not in and of itself a basis for federal habeas relief.

Instead, federal courts will honor a procedural bar unless the state courts apply a procedural bar that has <u>no</u> foundation in the record or basis in state law.  <u>Davis v. Johnson</u>, 2001 WL 611164 at *4 n.10 (N.D. Tex. May 30, 2001); <u>see also</u>, <u>Johnson v. Lensing</u>, 1999 WL 562728 at *4 (E.D. La. July 28, 1999) (Berrigan, J.) (La. Code Crim. P. art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); <u>Poree v. Cain</u>, 1999 WL 518843 (E.D. La. July 20, 1999) (Mentz, J.) (same).  For the following reasons, that exception does not apply in this case.

According to the opinion of the state trial court, the Article 930.8 bar was imposed on MacCracken's state application for post-conviction relief because the filing was made more than two years after his conviction was final.  The record reflects that MacCracken's conviction became final on March 11, 2004.  His application for post-conviction relief was filed by counsel on October 2, 2006.  By imposing the bar, the Louisiana Supreme Court implicitly rejected the arguments of MacCracken and his counsel that the correction of his sentence on remand somehow restarted his state post-conviction filing period under Article 930.8.  The state courts' interpretation of state law is, again, not reviewable by this court.  Thus, there is a basis in the record to support the imposition of the Article 930.8 bar, since the application was filed by counsel more than two years after MacCracken's conviction became final.

23

For this reason, even if MacCracken had presented his post-conviction substantive claims of ineffective assistance of counsel to this court, this court would not address the claims. When a procedural default has been imposed by the state courts, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. Amos, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Glover, 128 F.3d at 902.

The Louisiana Supreme Court relied upon La. Code Crim. P. art. 930.8 and the decision in State ex rel. Glover, which indicates that MacCracken's ineffective assistance of counsel claims were not timely filed. As to the independence of Article 930.8, the United States Fifth Circuit Court of Appeals in Glover v. Cain held that denial of relief premised on the untimeliness of a claim under Article 930.8 "is sufficient to fulfill the independence requirement" of the procedural default doctrine. Glover, 128 F.3d at 902. The same is true in this case. The Louisiana Supreme Court's ruling was clear and express in its reliance on Article 930.8 and State ex rel. Glover when denying MacCracken's writ application.

The United States Fifth Circuit has also squarely held that because "Louisiana courts have regularly invoked [Article 930.8] to bar untimely claims," it is an "adequate" rule, i.e., it "is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." Id. (citing Dugger v. Adams, 489

U.S. 401, 410 n.6 (1989); <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988); and <u>Amos</u>, 61 F.3d at 339).

Because the Louisiana Supreme Court's decision rested on an independent and adequate state rule of procedural default, this court should not review MacCracken's post-conviction claims of ineffective assistance of counsel. Accordingly, MacCracken's federal habeas petition must also be dismissed with prejudice on the alternative ground that his sole claim for relief fails to state a claim for which habeas corpus relief would be available and his substantive claims of ineffective assistance of counsel would otherwise be procedurally barred from review.

## **<u>RECOMMENDATION</u>**

It is therefore **RECOMMENDED** that the petition of Timothy P. MacCracken for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred or, alternatively, for failure to present a claim for which habeas corpus relief is available.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

26

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___26th___ day of June, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

27

Attachment A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

O R D E R

Due to Hurricane Katrina and its aftermath, and the direct consequences of
evacuation, the disruption of services and communication in the region, and the
Courthouse in New Orleans, as well as numerous attorneys' offices, being temporarily
inaccessible,

IT IS HEREBY ORDERED that all deadlines and delays, including liberative
prescriptive and peremptive periods in cases pending or to be filed in this Court, are hereby
suspended until ordered otherwise.

New Orleans, Louisiana, this ___1st___ day of September, 2005.

HELEN G. BERRIGAN, CHIEF JUDGE
U.S. DISTRICT COURT

Attachment B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

### O R D E R

As the United States Court House in New Orleans has reopened on November 1, numerous attorneys' offices have reopened in New Orleans or are otherwise operating in alternate locations, and with improving services and communication in the region,

IT IS HEREBY ORDERED that the suspension of deadlines and delays, including liberative prescriptive and peremptive periods in all civil cases pending or to be filed in this Court, is terminated effective November 25, 2005, except for good cause shown as determined by the presiding judge.

New Orleans, Louisiana, this 3rd day of November, 2005.

HELEN G. BERRIGAN, CHIEF JUDGE
U.S. DISTRICT COURT